# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE L. DICKENSON, | Case No. EDCV 18-2464-DOC (KK) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| JEFFREY HAGA, ET AL., | |
| Defendants. | |

## I.

## **INTRODUCTION**

Jesse L. Dickenson ("Plaintiff"), proceeding pro se and in forma pauperis, filed a Complaint pursuant to 18 U.S.C. § 1983 ("Section 1983"). For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

## II.

## **PLAINTIFF'S COMPLAINT**

On November 15, 2018, Plaintiff, who is currently incarcerated at West Valley Detention Center in California, constructively filed[1] a Complaint against defendants

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

County of San Bernardino, Deputy John Doe[2], Deputy Norega, and Chief Executive Medical Examiner Jeffrey Haga ("Defendants") in their individual and official capacities. ECF Docket No. ("Dkt.") 1. Plaintiff seeks to bring the action on behalf of himself and similarly situated class members under Federal Rule of Civil Procedure 23.[3] Id. at 11.

In the Complaint, Plaintiff alleges Defendants have policies and practices which fail to protect inmates from violence and subject inmates to harmful, inhumane conditions of confinement. Dkt. 1 at 9-11. Among other things, Plaintiff alleges Defendants (1) fail to adequately supervise and classify people in its custody; (2) fail to assign sufficient deputies to each unit; and (3) fail to intervene when inmates are attacked. Id. at 9-10. Plaintiff further alleges Defendants (1) fail to adequately complete the intake screening policy to identify inmate medical needs; and (2) do not respond in a timely manner to individuals that request medical attention or follow-ups regarding serious medical conditions. Id.

Plaintiff contends he was subjected to the policies and practices set forth above. For example, Plaintiff alleges that when he was an inmate at San Bernardino County Jail, "on March 29, 2018, at around 3:10 pm [he] was attacked in his cell

---

[2] "As a general rule, the use of 'John[/Jane] Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Because Plaintiff is unaware of the true name of the unnamed Doe defendant, Plaintiff will be given the opportunity to discover the name of the Doe defendant after he files a complaint curing the deficiencies identified below. Plaintiff is cautioned that, if he is unable to timely identify the Doe defendant, the claims against the Doe defendant will be subject to dismissal because the Court will not be able to order service against defendants who are unidentified. See Augustin v. Dep't of Public Safety, 2009 WL 2591370, at *3 (D. Hawai'i Aug. 24, 2009); Williams v. Schwarzenegger, 2006 WL 3486957, at *1 (E.D. Cal. Dec. 1, 2006).

[3] As a pro se litigant, Plaintiff is prohibited from bringing his claims as a class action. See Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself."); Axtle v. Cty. of Alameda, No. C 12-6404 YGR (PR), 2013 WL 5979201, at *2 (N.D. Cal. Nov. 8, 2013) ("[P]ro se plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of the class."). Plaintiff is, therefore, warned that if he chooses to file an amended complaint, he may only bring claims on behalf of himself. If Plaintiff continues to pursue a class action, the action will be dismissed with prejudice.

2

resulting in a broken jaw. Plaintiff was left unconscious and helpless." Dkt. 1 at 9. "[W]hen [he] regained consciousness he pushed [the] emergency button for help and was initially ignored after informing staff of [the] attack. Approximately 15 minutes after first contacting [for] help Plaintiff Dickenson had to push the button again to receive help. Due to these policies and practices, there is an extreme[ly] high rate of attacks and inmates who suffer injuries." Id. Additionally, on March 30, 2018, Plaintiff "requested pain medications and liquid diet due to [his] broken jaw and was ignored and/or denied multiple times." Id. at 10

As a result of these factual allegations, Plaintiff seeks damages and injunctive relief. Dkt. 1 at 14.

## III.

## **STANDARD OF REVIEW**

As Plaintiff is proceeding in forma pauperis, the Court must screen the complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir.

3

2011).  However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).  Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008).  However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and the Court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se.  Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).  However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).
///

4

# IV.

# DISCUSSION

## A. PLAINTIFF FAILS TO STATE A SECTION 1983 CLAIM AGAINST ANY INDIVIDUAL DEFENDANT

### 1. Applicable Law

Section 1983 prohibits persons acting under color of law from depriving individuals of their constitutional rights. 42 U.S.C. § 1983. To state a claim against a defendant for violation of civil rights under Section 1983, a plaintiff must allege that the defendant deprived him or her of a right guaranteed under the Constitution or a federal statute. See West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1998). A plaintiff must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) (citation omitted); Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). Specifically, a plaintiff must present facts showing how a particular defendant was directly and personally involved in inflicting the alleged injury, such that a claim to relief is "plausible on its face". See Iqbal, 556 U.S. at 676, 678 (citation omitted) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

### 2. Analysis

Here, Plaintiff fails to allege specific facts to support a claim against any individual defendant. Plaintiff does not set forth a "short and plain statement" of his claims to demonstrate individual defendants were directly and personally involved in inflicting the alleged injury. See Iqbal, 556 U.S. at 676. Instead, Plaintiff merely sets forth allegations as to actions taken by "Defendants" as a collective group. See dkt. 1 at 11-12; see In re Am. Apparel, Inc. S'holder Derivative Litig., No. 10-cv-6576-MMM-RCx, 2012 WL 9506072, at *41 (C.D. Cal. July 31, 2012) ("[A] complaint that

repeatedly refers to defendants collectively, without differentiation, is more likely to run afoul of the plausibility standard of Iqbal . . . than one with more specific allegations."). Absent specific allegations identifying what actions each defendant took against Plaintiff and how such actions violated Plaintiff's rights, the Complaint fails to provide Defendants with fair notice of Plaintiff's claims or the grounds upon which they rest. See Iqbal, 556 U.S. at 676; Dura Pharms., Inc., 544 U.S. at 346. As such, Plaintiff's claims against each individual defendant are subject to dismissal.

If Plaintiff wishes to amend his complaint, Plaintiff must state each claim separately and identify proper defendants for each claim. In addition, Plaintiff should clearly, precisely, and briefly identify the legal basis and the facts underlying each claim. Hence, in an amended complaint, Plaintiff should clearly state:

1) What actions were committed by each alleged defendant;
2) When and where the alleged actions were committed by each defendant;
3) What harm resulted from alleged actions by each defendant; and,
4) What statute or constitutional right was violated because of the alleged actions by each defendant.

## V.

## **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, he must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.** Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: January 31, 2019

/s/ Kenly Kiya Kato
HONORABLE KENLY KIYA KATO
United States Magistrate Judge